**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4480**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY LEE FISH, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:22-cr-00038-KDB-SCR-1)

Submitted:  April 27, 2026                                    Decided:  July 30, 2026

Before WYNN, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A magistrate judge found Bobby Lee Fish, Jr., competent to stand trial after a full evaluation conducted by a clinical psychologist concluded that his mental health issues did not interfere with his ability to understand the legal proceedings against him or to communicate with his attorney. A different magistrate judge then accepted Fish's guilty plea without disturbing the original finding of competency. The district court sentenced him to a within-Guidelines sentence of 235 months.

Fish appeals his conviction and his sentence, arguing that he was not competent either to stand trial or to enter a guilty plea, that the magistrate judge had no authority to enter an order declaring him competent in the first place, and that the district court should have departed downward during his sentencing in light of his mental health issues. Finding no error, we affirm.

We review a magistrate judge's finding of competency for clear error. *United States v. Cabrera-Rivas*, 142 F.4th 199, 210 (4th Cir. 2025). And when, as here, a defendant asks us to review whether a court should have "sua sponte reconsider[ed] its decision that [he] was competent to stand trial," we review for plain error. *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013).

First, there was no clear error in the magistrate judge's initial finding that Fish was competent to stand trial. *See Cabrera-Rivas*, 142 F.4th at 210. The findings were supported by the thorough report of a qualified forensic psychologist, and Fish provided no evidence to rebut that report at his competency hearing. Nor do we find any plain error in the failure

2

of other reviewing magistrate judges or the district court to sua sponte reconsider that competency finding. *See Bernard*, 708 F.3d at 592.

Second, there was no plain error in the initial magistrate judge's assumption that she had the authority to enter a competency order because entering the finding as an order (rather than as a report and recommendation) did not affect Fish's substantial rights. *Cabrera-Rivas*, 142 F.4th at 211–13.

Finally, having reviewed the record in full, we find no plain error in the district court's discretionary decision not to depart downward from the relevant sentencing guidelines range.

Accordingly, we affirm Fish's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*